Docket No. 12-17712

==================================================

# In The United States Court Of Appeals
# For The Ninth Circuit

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IRWIN SCHIFF,

Defendant-Appellant.

_____

On Appeal from Order Denying Relief Under 28 U.S.C. § 2255
filed and entered September 21, 2012, in 2:04-CR-00119-1-KJD
in the United States District Court for the District of Nevada (Dawson, J.)

=========================

## REPLY BRIEF FOR APPELLANT IRWIN SCHIFF

=========================

JAMES H. FELDMAN, JR.
ALAN ELLIS
PETER GOLDBERGER
LAW OFFICES OF ALAN ELLIS
50 Rittenhouse Place
Ardmore, PA  19003-22276

(610) 649-8200

Counsel for the Appellant

# <u>TABLE OF CONTENTS</u>

Argument In Reply ........................................................................... 1

   a.  Counsel on direct appeal was ineffective for failing to appeal the district court's exclusion of evidence related to Irwin Schiff's bipolar disorder .............................................. 2

   b.  Counsel on direct appeal was ineffective for failing to appeal the district court's exclusion of lay testimony relevant to whether Irwin Schiff's violation of the tax laws was willful ................................................................. 11

   c.  Counsel on direct appeal was ineffective for failing to appeal the district court's exclusion of legal materials relevant to whether irwin schiff's violation of the tax laws was willful ................................................................. 15

   d.  Counsel on direct appeal was ineffective for failing to appeal the district court's exclusion of a book authored by Irwin Schiff and a video of a seminar presented by him ................... 22

Conclusion ..................................................................... 25

Certificate Of Compliance .................................................. 26

Certificate Of Service ...................................................... 27

## TABLE OF AUTHORITIES

**Cases**

*Cheek v. United States*, 498 U.S. 192 (1991) ........................ passim

*Cooley v. United States,* 501 F.2d 1249 (9th Cir. 1974) ....... passim

*Tennison v. Circus Circus Enterprises, Inc.,*
    244 F.3d 684 (9th Cir. 2001) .................................................... 3

*United States v. Binder,* 769 F.2d 595 (9th Cir. 1985) .................. 7

*United States v. Bonneau*, 970 F.2d 929 (1st Cir. 1992) ............. 17

*United States v. Byers,* 730 F.2d 568 (9th Cir. 1984) ................... 7

*United States v. Demma,* 523 F.2d 981 (9th Cir. 1975) ............... 7

*United States v. Ellett*, 527 F.3d 38 (2d Cir. 2008) ...................... 17

*United States v. Ellsworth,* 738 F.2d 333 (8th Cir. 1984) ............. 9

*United States v. Felak,* 831 F.2d 794 (8th Cir. 1984) ................... 9

*United States v. Finley,* 301 F.3d 1000 (9th Cir. 2002) ................ 7

*United States v. Gaumer,* 972 F.2d 723 (6th Cir. 1993) ........ 18, 21

*United States v. Gustafson,* 528 F.3d 587 (8th Cir. 2008) ........... 16

*United States v. Hauert,* 40 F.3d 197 (7th Cir. 1994) .................... 9

*United States v. Hoac,* 990 F.2d 1099 (9th Cir. 1993) .................. 7

*United States v. Morales,* 108 F.3d 1031 (9th Cir. 1997) .............. 7

*United States v. Powell,* 955 F.2d 1206 (9th Cir. 1992)  8, 16, 19, 20

*United States v. Schneider,* 111 F.3d 197 (1st Cir. 1997) ............. 9

*United States v. Scholl,* 166 F.3d 964 (9th Cir. 1999) ................... 9

*United States v. Willie*, 941 F.2d 1384 (10th Cir. 1991) .............. 17

## Statutes

28 U.S.C. § 2255 ............................................................... 1

## Rules

Fed.R.App.P. 32(a)(7)(B) .............................................. 26
Fed.R.App.P. 32(a)(7)(C) .............................................. 26

Fed.R.Evid. 105 ........................................................... 23
Fed.R.Evid. 801(c) ....................................................... 23

<u>ARGUMENT IN REPLY</u>

This appeal arises from the district court's denial of Irwin Schiff's motion filed pursuant to 28 U.S.C. § 2255 to vacate the judgment of conviction and sentence in a tax evasion case. The appellant's opening brief shows that Mr. Schiff's counsel on direct appeal failed to raise two meritorious issues, one of which was raised by a co-defendant and resulted in the reversal of that co-defendant's convictions.

The appellee's arguments in response do not stand up to scrutiny.[1]  For the reasons discussed in the appellant's opening brief, this

---

[1] Although this reply focuses on the legal arguments advanced in the appellee's brief, it is important to note three factual misstatements. First, the appellee claims that "the district court granted, in part, defendant's request for a certificate of appealability." Gov't Br. 6. Actually, the district court granted a certificate of appealability on every ground requested by the defendant.  *Compare* the proposed order submitted by the defendant (DE 617-2) *with* the order signed by the district court.  DE 620.  Second, the government claims that "Freedom Books' customers were *usually surprised* to receive correspondence from the IRS stating that their 'zero' returns were deemed frivolous."  Gov't Br. 8 (emphasis added).  The brief's citations to the record do not support this claim.  None of witnesses whose testimony the brief cites claimed to have been "surprised," much less that this was the typical reaction.  Finally, the appellee claims that Mr. Schiff's "materials directed customers to *inundate* the IRS with frivolous correspondence."  Gov't Br. 9 (emphasis added).  The brief's citations to the record do not support this claim, either.  These

(continued …)

Court should reverse the judgment of the district court and remand

with instructions to grant the motion filed pursuant to 28 U.S.C.

§ 2255, vacate Irwin Schiff's judgment of conviction, and grant him a

retrial.

a.   Counsel on direct appeal was ineffective for failing to appeal the
     district court's exclusion of evidence related to Irwin Schiff's
     bipolar disorder.

   Appellate counsel's failure to challenge the district court's

exclusion of evidence of Mr. Schiff's bipolar disorder fell below an

objective standard of reasonableness.  This deficiency prejudiced Mr.

Schiff on appeal for the reasons discussed in the appellant's opening

brief.  AOB 18-29.[2]

   The appellee's brief claims that the bipolar issue would not have

been a good one on appeal because the district court's ruling

excluding expert testimony concerning Mr. Schiff's bipolar disorder

was tentative.  Gov't Br. 17-18, citing *Tennison v. Circus Circus*

_____ (… continued)
references show only that the "materials" directed customers to write
a single letter to the IRS.

[2] "AOB" refers to the appellant's opening brief.  "DE" refers to district
court docket entries.  "2E.R." refers to the Appellant's Excerpts of
Record, Volume 2.

*Enterprises, Inc.,* 244 F.3d 684, 689 (9th Cir. 2001) (attempt to offer evidence required when decision to preclude evidence tentative). The appellee offers two arguments to support this claim. First, it contends that the fact that the district court specifically rejected co-defendant Cohen's request to reconsider its ruling on the government's *in limine* motion shows that the court's ruling as applied to Mr. Schiff must have been tentative. Gov't Br. 18 n.2. Such a conclusion does not follow logically. Since Mr. Schiff never asked the district court to reconsider the ruling as applied to him, the court's failure to issue a *sua sponte* ruling proves nothing. Moreover, the district court stated on the record that it was not going to reconsider *any* of its prior rulings. 2E.R. 139. Nor is a motion for reconsideration even necessary to preserve an issue already raised and ruled upon.

The second reason the appellee offers in support of its claim that the district court's ruling was only tentative is the court's willingness at trial to defer ruling on whether Mr. Schiff could call *Dr. Hayes* as a witness. Gov't Br. 17. This does not prove that the court's prior *in limine* order was in any way tentative. The court's *in*

*limine* order did not preclude testimony from any particular witness, including Dr. Hayes.  What it precluded was expert testimony concerning Mr. Schiff's bipolar disorder.  2E.R. 142-43.  Since the *in limine* order did not preclude Dr. Hayes from testifying, the fact that the court was willing to allow Mr. Schiff to offer him for voir dire does not demonstrate that the court was willing to reconsider its previous decision not to permit expert testimony concerning Mr. Schiff's bipolar disorder.   All it shows is that the court was willing to consider whether Dr. Hayes could offer relevant testimony that was not precluded by the *in limine* order.  Thus, while it was "eminently reasonable," Gov't Br. 17-18, for appellate counsel not to challenge the district court's exclusion of *Dr. Hayes's* testimony *per se*, it was not reasonable for him not to appeal the *in limine* order.

Next, the appellee claims that even though this Court held on the co-defendant's appeal that the district court had erred when it granted the government's *in limine* motion with respect to Cohen,[3] it

---

[3] The Order, which applied to both Cohen and Mr. Schiff, precluded evidence of Cohen's narcissistic personality disorder and Mr. Schiff's bipolar disorder.  2E.R. 143.  In other words, it was literally the *same* erroneous order that led to reversal of the co-defendant's conviction.

was unlikely that this Court would have ruled the same way for Mr. Schiff. Gov't Br. 18-24. The first reason the government offers is that unlike as with co-defendant Cohen, "Schiff failed to file a proper expert notice for Dr. Hayes, as required by the Federal Rules of Criminal Procedure 12.2(b)." Gov't Br. 18-19.

The appellee's claim is not supported by the record. Mr. Schiff *did* file a Rule 12(b) notice. *See* DE 56. While this notice is titled "Notice that Defendant May Wish to Call Witnesses to Testify Concerning His Alleged 'Delusional Disorder,'" the document itself put the government on notice that Mr. Schiff intended to call witnesses concerning his bipolar disorder. That is exactly how the government construed this notice in the memorandum filed in support of its *in limine* motion. *See* Gov't Mem. in Supp. 2. (D.E. 162). Under the liberal construction afforded a *pro se* litigant's filings, Mr. Schiff thus provided adequate notice to the government.

Next, the government argues that unlike co-defendant Cohen, Mr. Schiff failed to object to the government's *in limine* motion and therefore did not preserve the issue for appeal. Gov't Br. 19. For the reasons discussed in the appellant's opening brief, AOB 25-26, Mr.

Schiff *did* adequately preserve this issue for appeal.  The appellee does not respond to this argument, because, according to the government, it "is outside the parameters of the Certificate of Appealability, which was granted as to the question of whether 'the District Court commit[ted] plain error.'"  Gov't Br. 19 n.14.  Although the appellant anticipated and addressed this argument in its opening brief, AOB 2 n.3,[4] the government does not attempt to demonstrate why the appellant's argument is not persuasive.  No further reply on this point is possible.

Next, the appellee claims that even if the district court erred in "exclud[ing] Dr. Hayes' testimony," Gov't Br. 20,[5] that error "was not 'plain.'"  Gov't Br. 20.  The appellant's opening brief argued that the district court's error in excluding expert testimony concerning Mr. Schiff's bipolar disorder was clear from this Court's 2002 decision in

---

[4] Should the Court agree with the government, on this point, the appellant asks that the Court expand the COA to include this issue.

[5] As has been previously discussed, the appellant has never claimed that prior counsel should have appealed the district court's exclusion of *Dr. Hayes* as a *witness*, but rather the *in limine* order which excludes any expert testimony concerning Mr. Schiff's bipolar disorder.

*United States v. Finley,* 301 F.3d 1000 (9th Cir. 2002), which found the exclusion of similar testimony in a tax case to be error.  AOB 28. Rather than attempt to distinguish this case from *Finley,* the appellee offers a long string cite of cases which it claims demonstrates that "Schiff could not have established that the district court's ruling constituted a clear or obvious deviation from a legal rule." Gov't Br. 20-21.  A close examination of these cases demonstrates that they do not support the government's claim.

Four of this Court's cases which the government cites, Gov't Br. 20-21, hold that a district court's exclusion of psychiatric testimony is reviewed for "manifest error."  See *United States v. Demma,* 523 F.2d 981, 986-87 (9th Cir. 1975) (en banc) (applying principle in a drug conspiracy case); *United States v. Hoac,* 990 F.2d 1099, 1103 (9th Cir. 1993) (same); *United States v. Binder,* 769 F.2d 595, 602 (9th Cir. 1985) (same in a child abuse case); *United States v. Byers,* 730 F.2d 568, 571 (9th Cir. 1984) (same in a tax case).   Gov't Br. 21.  The legal principle on which these cases turn was explicitly overruled in *United States v. Morales,* 108 F.3d 1031, 1035 n.1 (9th Cir. 1997) (en banc) ("To the extent that abuse of discretion is different from manifest

-7-

error, we now overrule the cases which set forth the latter standard and adopt the abuse of discretion standard"), a case which the appellee fails to cite. Moreover, the relevance of these pre-*Cheek* cases to the admissibility of expert psychiatric or psychological testimony in tax case is questionable, since prior to *Cheek,* unjustified and irrational beliefs concerning an individual's obligations under tax law were irrelevant to a willfulness defense. See *Cooley v. United States,* 501 F.2d 1249, 1253 (9th Cir. 1974) ("the word 'willfully' used in connection with this offense means ... without justifiable excuse or with the wrongful purpose of deliberately intending not to file a return"). This Court has long recognized that *Cheek* overruled this precedent when it held that even "irrational" beliefs can support a willfulness defense. *Cheek v. United States*, 498 U.S. 192, 203-04 (1991). See *United States v. Powell,* 955 F.2d 1206, 1212 & n.2 (9th Cir. 1992) (recognizing that *Cheek* overruled *Cooley*'s understanding of "willfulness" in tax cases).

The only other Ninth Circuit case which the government cites in support of its claim that the district court's error, if any, was not "plain" or "obvious" is irrelevant to the issue in this case. *United*

-8-

*States v. Scholl,* 166 F.3d 964, 971 (9th Cir. 1999), cited by the government on page 20 of its brief, turned on the fact that the psychiatric testimony in that case, unlike the proffered evidence in this case, had no bearing on the defendant's willfulness.

The other cases cited by the appellee are similarly readily distinguishable.  See *United States v. Hauert,* 40F.3d 197, 200 (7th Cir. 1994) (case turns on admissibility of lay opinion testimony); *United States v. Felak,* 831 F.2d 794, 797-98 (8th Cir. 1984) (case turns on fact that the testimony did not concern a psychiatric diagnosis); *United States v. Ellsworth,* 738 F.2d 333, 336-37 (8th Cir. 1984) (same); *United States v. West,* 670 F.2d 675, 682 (7th Cir. 1982) (since defendant's limited intelligence was obvious, jury did not need assistance of psychiatric testimony); and *United States v. Schneider,* 111 F.3d 197, 203 (1st Cir. 1997) (proffered psychiatric testimony did not demonstrate that defendant's impairment affected his ability to form the required intent).

Next, the appellee argues that "this Court's decision regarding co-defendant Cohen's psychiatric expert does not establish that Schiff's appeal of this issue would have similarly led to reversal."

Gov't Br. 21. According to the appellee, there is "nothing to suggest that exclusion of the expert was anything other than harmless." *Id.* 22. To support this argument, the government recites evidence from the trial which it claims would surely have caused the jury to find that Mr. Schiff willfully violated the law even if it had heard the excluded psychiatric testimony. Gov't Br. 23-25. This evidence, which the appellee characterizes as "overwhelming," is precisely why the testimony concerning the impact of Mr. Schiff's bipolar disorder was critical to his defense. It is Dr. Hayes' opinion that, as a result of his bipolar disorder, Mr. Schiff has "extremely rigid, fixed, inflexible, doggedly determined opinions and beliefs that cannot be changed by others' reasoning." 2E.R. 181. For this reason, as explained in the appellant's opening brief, Dr. Hayes' testimony concerning Mr. Schiff's bipolar disorder was at least as important to Mr. Schiff's defense as Dr. Roitman's testimony concerning Cohen's narcissistic personality disorder was to Cohen's defense. AOB 26-27.

For these reasons, as well as the reasons presented in the appellant's opening brief, Mr. Schiff did not enjoy the effective assistance of counsel for his direct appeal. This Court should reverse the

judgment of the district court and remand the case with instructions to vacate Mr. Schiff's conviction and grant him a retrial, which is the relief to which he would have been entitled had his appeal been competently handled.

b.  Counsel on direct appeal was ineffective for failing to appeal the district court's exclusion of lay testimony relevant to whether Irwin Schiff's violation of the tax laws was willful.

For the reasons discussed in the appellant's opening brief, appellant counsel was also ineffective for failing on direct appeal to challenge the district court's exclusion of the testimony of five witnesses:  John Turner, Noel Spaid, Esq., Robert Schulz, Robert Eiler, and Robert Wellesley.  AOB 33-41.  In response, the appellee first argues that the district court's exclusion was justified solely on the basis that Mr. "Schiff failed to file a witness list as required by the district court's pretrial order.  (See R. 192; see, e.g., R. 259 (code-fendant Neun's witness list).)."  Gov't Br. 27 (punctuation, spelling, and formatting original).  While it is true that co-defendant Neun filed a witness list, is it not true that the district court's pretrial order required any of the parties to file such a list.  That order's only refer-ence to witnesses is as follows:

> 7.  <u>WITNESSES</u>. Counsel shall immediately subpoena all witnesses for the time and trial date as listed above. Inasmuch as the cases will be tried in a trailing fashion, the subpoenas should contain a special instruction from counsel directing witnesses to contact the office of counsel for further instructions prior to appearing for trial. Witnesses are not required to be present at the Calendar Call, but must appear as subpoenaed.

Pretrial Order 2 (D.E. 192).  In a footnote, the appellee chastises the appellant for "mistakenly argu[ing] that because he was acting *pro se,* his compliance" with this order "should only be subject to a 'liberally' applied standard of review."  Gov't Br.  28 n.19.  The appellee mischaracterizes the appellant's cited footnote.  That footnote argues only (and correctly) that since Mr. Schiff was acting *pro se,* his *pleadings* should be construed liberally.  In particular, the footnote argued that one of Mr. Schiff's pleadings should be construed as preserving the bipolar issue for direct appeal.  *See* AOB 25 n.10.

Next, the appellee notes that three of the five witnesses *were* permitted to testify.  While the district court allowed these witnesses to offer *character* evidence, it prohibited them from presenting substantive factual testimony relevant to the theory of the defense. 2E.R. 62-70, 89-90, 92-93.

Next, the appellee claims that Mr. Schiff laid an inadequate

-12-

foundation with respect to John Turner's testimony, and that that testimony was properly excluded "because it was not relevant to the formation of defendant's alleged beliefs." Gov't Br. 30. For the reasons explained in the appellant's opening brief, Turner's testimony was relevant not because it helped explain how Mr. Schiff *formed* his beliefs, but because it helped the jury understand why he *continued to hold* his beliefs even after he had been convicted on criminal tax charges in 1979 and 1985. AOB 33-34. No further reply is necessary or possible.

As explained in the appellant's opening brief, "Mr. Schiff offered the testimony of Robert Eiler, Robert Schulz, Robert Wellesley, and attorney Noel Spaid, to support his willfulness defense to Count 17, which charged that he had deposited money in offshore accounts to evade collection efforts by the Internal Revenue Service." AOB 34-35. Rather than address the relevance of this testimony with respect to the evasion-of-collection count, the appellee argues that it was properly excluded because the "proposed testimony was not relevant to the formation of the defendant's alleged beliefs," Gov't Br. 32, or because these witnesses would have simply been "a parade of like-

minded individuals testifying they too similarly 'misapprehend' the law." Gov't Br. 34. Because the appellee's brief does not address, much less weaken, the argument actually made in the appellant's opening brief, no further rely is necessary.

Finally, the appellee argues that in any event Mr. Schiff suffered no prejudice from the exclusion of these witnesses because Mr. Schiff himself testified at length concerning his beliefs, Gov't Br. 35, and because other witnesses testified concerning Mr. Schiff's sincerity and their perception of the correctness of his beliefs. *Id.* 36. While other witnesses may have presented such testimony, the testimony of these five witnesses would not have been duplicative. They were not offered to opine on Mr. Schiff's sincerity, much less on the correctness of his ideas. They were offered either to explain why Mr. Schiff continued to adhere to his ideas after his previous conviction on criminal tax charges or to explain why he had deposited money in off-shore accounts. Accordingly, the issue would have been meritorious had prior counsel raised it in the direct appeal.

For these reasons, as well for the reasons presented in the appellant's opening brief, this Court should reverse the judgment of

the district court and remand the case with instructions to vacate Mr.

Schiff's conviction and grant him a new trial.

c.    Counsel on direct appeal was ineffective for failing to appeal the
      district court's exclusion of legal materials relevant to whether
      Irwin Schiff's violation of the tax laws was willful.

      The appellant's opening brief explains why Mr. Schiff's counsel

on direct appeal was ineffective for failing to challenge the district

court's refusal to permit Mr. Schiff:  (1) to read to the jury from the

statute which grants certain authority to the Secretary of the

Treasury, rather than to the IRS, AOB 42, (2) to introduce into

evidence a letter Mr. Schiff received from the publisher of the *Federal

Register* which would have shown the jury why Mr. Schiff believed

that that statutory authority had never been delegated to the IRS,

AOB 42, (3) to introduce into evidence an article from the *Journal of

Taxation*, which referred to a prior case involving himself as having

been wrongly decided. AOB 43, and (4) to introduce into evidence two

Supreme Court cases on which he testified he had relied.  AOB 44-45.

      In response, the appellee cites *Cooley v. United States,* 501 F.2d

1249, 1253-54 (9th Cir. 1974), and three other Ninth Circuit cases

which rely on *Cooley,* for the proposition that trial courts in criminal

-15-

tax prosecutions do not abuse their discretion when they deny defense requests to admit legal materials into evidence.  Gov't Br. 37-38. These and the other pre-*Cheek* cases the government cites are no longer good law, because they do not take into account the relevance of such evidence after *Cheek*.  See *United States v. Powell,* 955 F.2d 1206*,* 1212 n.2 (9th Cir. 1992) (*Cooley* no longer valid precedent after *Cheek* in its approval of jury instruction on willfulness).

The government repeatedly disparages the discussion in *Powell* of evidence admissibility as "dictum."  Gov't Br. 43-45.  That characterization is mistaken.  While the conviction in *Powell* was not separately reversed on that ground, the discussion (955 F.2d at 1213-14) is not dictim, but rather *holds* that the exclusion of evidence at Powell's trial had been erroneous in light of *Cheek,* and instructs the trial court, as part of this Court's mandate, how not to repeat the error at retrial.

The more recent cases the government cites (none of which are from this Circuit) do not support the appellee's position, either.  For example, the Eighth Circuit upheld the exclusion of legal materials in *United States v. Gustafson,* 528 F.3d 587, 592 (8th Cir. 2008),

because, unlike in Mr. Schiff's case, the legal materials were not relevant to the defense at trial.  In *United States v. Ellett*, 527 F.3d 38, 39 n.2 (2d Cir. 2008), the Second Circuit upheld the exclusion of certain legal materials because the defendant in that case, unlike Mr. Schiff,[6] contended that they supported his belief that the tax laws are *invalid*, which is not a defense.  See *Cheek,* 498 U.S. at 206.  In *United States v. Bonneau*, 970 F.2d 929, 931-32 (1st Cir. 1992), the First Circuit simply affirmed the district court's redaction of evidence to exclude material which supported the belief by the defendant in that case that the tax laws are unconstitutional.  Such a belief is not a defense under *Cheek,* 498 U.S. at 205-06.  Mr. Schiff has never contended that the tax laws are unconstitutional.  Finally, the government cites *United States v. Willie*, 941 F.2d 1384, 1394-95 (10th Cir. 1991), which affirmed the exclusion of documents because the defendant in that case made an inadequate proffer to demonstrate their relevance.  Significantly, one judge on the panel, the Hon. David M. Ebel, filed a dissenting opinion in which he wrote that the

---

[6] Irwin Schiff explicitly testified that he does not believe that the tax laws are invalid.  17Tr. 4509-10.

documents should have been admitted since they could have been used to corroborate the sincerity of the defendant's beliefs. At least one other Circuit has adopted Judge Ebel's view. See *United States v. Gaumer,* 972 F.2d 723, 724 (6th Cir. 1993) (per curiam) (reversing conviction based on the exclusion of such evidence).

Addressing the admissibility of the particular documents, the appellee first claims that the district court committed no error when it excluded the two Supreme Court opinions on which Mr. Schiff said he had relied. The appellee argues that the court did not err, citing *Cooley* and other Ninth Circuit cases abrogated by *Cheek.* Gov't Br. 40. The appellee also implies that in any event Mr. Schiff could have suffered no prejudice since he was permitted to testify concerning his understanding of those cases and since the government did not challenge the validity of that understanding. Gov't Br. 40. However, the government's failure even to suggest that Mr. Schiff had misread these cases made their exclusion from evidence all the more prejudicial. Since the government did not even attempt to challenge Mr. Schiff's understanding of these cases, there is a reasonable probability that the jury would blame Mr. Schiff for not corroborating his

claims about these opinions, assuming that if they were not actually favorable to him he would have offered copies in evidence.

With respect to the article from the *Journal of Taxation,* the appellee argues, again citing the discredited *Cooley* decision, that the district court properly excluded the article from evidence because it did not rationally support Mr. Schiff's views. Gov't Br.41-42. After *Cheek*, however, as this Court held in *Powell,* a belief need not be rational in order to be a defense. *Powell,* 955 F.2d at 1211. Since Mr. Schiff claimed that this article contributed to his belief that his views on tax law were correct, even after the Second Circuit had rejected some of them, it should have been admitted into evidence.

With respect to the statute from which Mr. Schiff wanted to read, the appellee claims that the district court did not err, because when the court "required defendant to identify what he was reading, … he declined to do [so]." Gov't Br. 43. In fact, Mr. Schiff informed the Court the he wanted to read from 44 U.S.C. § 1505. 2E.R. 57-58.

In his opening brief, the appellant relied on language in *United States v. Powell,* 955 F.2d 1206, 1214 (9th Cir. 1992), to argue that had appellate counsel challenged the exclusion of this and other

-19-

evidence that there is a reasonable probability that this Court would have reversed. AOB 31-32, 36, 40, 42, 46, 49. In response, the appellee asserts that this language in *Powell* was dictum and therefore not controlling. Gov't Br. 43. As already explained, the cited portion of *Powell* was not dictum. This Court held there, 955 F.2d at 1213-14, that the exclusion of corroborating evidence had been erroneous, but that it need not decide whether that error would itself require a new trial. The cited portion of *Powell* formed part of the mandate governing the conduct of the retrial. Accordingly, its language supports the argument that there was a reasonable probability that had counsel raised this issue, the outcome of the appeal would have been different.

The appellant also argues that even if this Court were to follow *Powell,* there is no reasonable probability that it would have reversed Mr. Schiff's conviction. The appellee argues that this is so, because Mr. Schiff did not make a sufficient proffer of how this evidence was relevant to his defense. Gov't Br. 44. For the reasons previously discussed in the appellant's opening brief, the record was sufficiently clear as to how this evidence was important to the theory of the

defense.  AOB 42-46.  See also *United States v. Gaumer,* 972 F.2d at 725 (evidence relevant if jury "might have discerned a nexus between these materials and [the defendant's] stated belief").

Finally, the appellee argues that even if the district court had erred in excluding this evidence, the error was harmless, because Mr. Schiff was permitted to testify concerning these cases, the article from the *Journal of Taxation,* and the Tax Code.  Gov't Br. 45.  It is true that Mr. Schiff was permitted to testify concerning his beliefs, how he developed them, and why he has not changed them.  In this case, however, the government argued to the jury that Mr. Schiff could not sincerely hold his beliefs after having received numerous notifications (many of which were supported by documents admitted into evidence, 2E.R. 44-53 (government's closing argument)) from the IRS and the courts that his views were not correct.  In light of that evidence, documentary support for any of Mr. Schiff's claims would likely have made a significant difference to the jury, which otherwise was left to rely on Mr. Schiff's uncorroborated testimony.

For these reasons, as well for the reasons presented in the appellant's opening brief, this Court should reverse the judgment of

the district court and remand the case with instructions to vacate Mr.

Schiff's conviction and grant him a new trial.

d.   Counsel on direct appeal was ineffective for failing to appeal the
     district court's exclusion of a book authored by Irwin Schiff and a
     video of a seminar presented by him.

    Finally, the appellant's opening brief argues that Irwin Schiff

was denied his Sixth Amendment right to the effective assistance of

counsel on direct appeal when his attorney failed to challenge the

district court's exclusion of *The Great Income Tax Hoax,* a book

authored by Mr. Schiff which explains how he came to his beliefs

concerning tax law, and a tape of a video seminar in which he

explained his beliefs.  AOB 47-49.

    In response, the appellee argues that the book was properly

excluded as hearsay, Gov't Br. 48, as well as because it "contained

misstatements of law," *id.,* and because it "likely contained large

amounts of other types of inadmissible evidence."  *Id.*  The appellee's

arguments are not persuasive.  The book was not excludable as

hearsay, because it was never offered to prove the truth of what was

written in it, *see* Fed.R.Evid. 801(c) (definition of hearsay), but rather

to support Mr. Schiff's defense that he held his beliefs in good faith.

The book was evidence that Mr. Schiff held his beliefs in good faith, because it is unlikely that someone would write such a detailed analysis of tax law if he did not sincerely believe it was correct. The jury would not have had to read the entire book to determine whether it supported Mr. Schiff's claim that he held his beliefs in good faith. While the book undoubtedly contained misstatements of law, as interpreted by the IRS and the courts, any unfair prejudice or confusion could have been avoided by a limiting instruction. *See* Fed.R.Evid. 105. Finally, speculation that unspecified portions of the book might have been inadmissible on unspecified grounds is not a basis on which the exclusion could have been affirmed on appeal.

With respect to the video of the seminar, the appellee argues that it was properly excluded because it was an attempt by Mr. Schiff "to offer out-of-court statements regarding his purported belief that he was not violating the law in order to prove he was acting in good faith." Gov't Br. 49. The video tape was not excludable as hearsay, however, because it was not offered to prove the truth of the assertions contained in it. *See* Fed.R.Evid. 801(c). The tape was relevant to the defense, because the consistency and thoroughness with which

-23-

Mr. Schiff had previously publicly pronounced his theories strongly supported his claim at trial that he held those beliefs in good faith.

Finally, the appellee argues that even if the exclusion of the tape and book was error, Mr. Schiff suffered no prejudice, because he was able to testify at length concerning his beliefs, and because the appellant has not claimed that either the book or the video contained information that was not included in Mr. Schiff's testimony. Gov't Br. 50. However, the value of the book and video was not in the additional information they provided concerning the details of Mr. Schiff's beliefs, but in the fact that they demonstrated to the jury in a very concrete and persuasive way that Mr. Schiff held his beliefs sincerely and in good faith. The book and the video therefore would have added credibility to Mr. Schiff's testimony and thus increased the probability that the jury would have believed that (or entertained a reasonable doubt whether) Mr. Schiff's alleged violations of tax law were not willful in the pertinent sense.

CONCLUSION

For these reasons, as well as for the reasons discussed in the appellant's opening brief, appellant Irwin Schiff did not enjoy the effective assistance of counsel during the direct appeal of his criminal conviction in 2006, this Court should reverse the judgment of the district court and remand with instructions to grant the motion filed pursuant to 28 U.S.C. § 2255, vacate Irwin Schiff's judgment of sentence, and grant him a retrial.

Respectfully submitted,
LAW OFFICES OF ALAN ELLIS

Dated:  May 6, 2013
                              s/James H. Feldman, Jr.
                    By:    JAMES H. FELDMAN, JR.
                           ALAN ELLIS
                           PETER GOLDBERGER
                           50 Rittenhouse Place
                           Ardmore, PA  19003-2276

                             (610) 649-8200

                           Attorneys for the Appellant

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed.R.App.P. 32(a)(7)(C), I certify, based on the word-counting function of my word processing system (Microsoft Word), that this brief complies with the type-volume limitations of Rule 32(a)(7)(B), in that the brief is prepared in a 14-point proportional font and contains fewer than 7,000 words, to wit, no more than 5,050 words.

<u>s/James H. Feldman, Jr.</u><br>
James H. Feldman, Jr.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing Appellant's Reply Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 6, 2013.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>s/James H. Feldman, Jr.</u><br>
James H. Feldman, Jr.