Irwin Schiff
# 08537-014
FCI Fort Worth
P.O. Box 15330
Fort Worth, TX 76119

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 2 4 2014

RE: Case #12-17712

FILED _____
DOCKETED _____
DATE    INITIAL

To the Clerk of the Ninth Circuit Court of Appeals,

Enclosed please find (1) my amended 5-page supplement; (2) My Notice as to why it was necessary.

Attached, please find a duplicate copy of this letter, and I would appreciate you endosing the enclosed copy and return it to me in the provided stamped, self addressed envelope.

Dated: 2/18 / 14

Respectfully,


Irwin Schiff

Irwin Schiff
# 08537-014
FCI Fort Worth
P.O. Box 15330
Fort Worth, TX 76119

RE: Case #12-17712

## NOTICE TO THE COURT

For reasons contained in my last Motion for Extension of Time, and for other reasons, it was not possible for Appellant to timely file his five page extension without it containing numerous mistakes, numerous typographical mistakes, omissions, duplications of material, and material out of sequence. It also omitted important exhibits. It would be too difficult and confusing for Appellant to try and make the necessary corrections individually. So Appellant has attached an amended 5 page supplement. Because the copier is still down, additional exhibits will shortly follow. He also intends to shortly send specific corrections to his original 25 page memorandum.

Date: February 17, 2014

Respectfully Submitted,

*[signature]*

Irwin Schiff

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

United States of America

v.                                                              Case No. 12-17712

Irwin A. Schiff
     Petitioner

_____//

## FIVE PAGE SUPPLEMENT TO APPELLANT'S ORIGINAL
## MEMORANDUM OF LAW (AS AMENDED)

    The following are corrections in Appellant's original 25 page Memorandum of law.

1. Page 5, 8 lines from the bottom should have read, "<u>Pollock</u> was never specifically reversed..." and not "<u>Merchants</u>".

2. All references to "Beacraft" should read "Becraft".

    Footnote 1 on page 2 of the Court's instant order refers to the 25 contempt penalties imposed on Appellant by Judge Dawson presumably for Schiff's contemptuous behavior at trial. But this was not the case. Judge Dawson imposed the penalties when Schiff sought to introduce government documents to impeach government witnesses or extract testimony from witnesses or give testimony which, in both instances, would have benefitted Schiff's defense. (See TP pages 4147-4156, contained in Exhibit A, and see Footnote A).

    Following the trial, Judge Dawson was ordered by the Ninth Circuit to "set forth in detail the actual basis of the contempt convictions pursuant to Rule 42(b)."

    However Judge Dawson did not do that. The reasons he gave in his contempt orders for imposing the contempt penalties were all fictitious. A hearing was held on September 6, 2008 to enable Schiff to contest these contempt orders by way of oral argument. But obviously Judge Dawson was embarrassed to hear in open court why his contempt orders were flagrantly untrue- especially since the government attorney could offer no contradictory testimony. So Judge Dawson terminated oral argument and ordered Schiff to file a written motion in order to revoke the contempt orders, which he did. In its reply brief, the government's attorney did not contest in any way the reasons Schiff gave as to why the contempt orders were untruthful, but only raised issues unrelated to the validity of the contempt orders. Naturally, Judge Dawson denied Schiff's motion.

    Whereupon, Schiff prepared a tentative appeal (as shown in Exhibit B) in which he specifically analyzed as being untruthful contempt orders 2, 8 and 10 with supporting Exhibits showing that contempt orders 3, 4, 5, 6, 7, 9, 11, 12, 14 and 15 were also

untruthful. (Schiff could not analyze the other 5 contempt orders because he did not have the necessary transcript pages that would have allowed him to do so.) However Schiff's tentative appeal and supporting exhibits never made it to the Ninth Circuit for the following reasons:

Schiff was informed that the public defender was authorized to handle Schiff's appeal, and Schiff foolishly allowed him to do so. In any case, to help him prepare this appeal, Schiff sent him all of the documents he intended to file in his appeal. Since Schiff had experience how the Ninth Circuit had totally ignored each and every issue Schiff raised in a prior appeal (and fined him $6000.00 to boot), Schiff believed that the Ninth Circuit would not do this if his appeal was filed by the public defender. Shortly thereafter, Schiff received a phone call from the public defender, informing him that he intended to raise an issue that Schiff never raised in connection with the contempt orders. Therefore, Schiff informed him that he was really only interested in litigating the validity of the contempt orders, but after doing that, he could raise an issue he believed would be helpful. Shortly thereafter, Schiff sent him a letter (See Exhibit C) remind him of their conversation and understanding. Afterwhich, Schiff called him to again go over the letter. The public defender assured Schiff that he would raise the validity of the contempt orders in his appeal. However, he totally failed to do so. Obviously, the Ninth Circuit colluded with the public defender to substitute an issue that Appellant never raised in the district court instead of addressing the issues he did raise. Schiff found two Ninth Circuit decisions (which he has since misplaced) which identified the three conditions wherein the Ninth Circuit would address issues that were not raised in the lower court. Conditions two and three involved issues of law. Since the issue here involves issues of fact (the truthfulness of statements made in contempt orders) these two conditions did not apply. The first condition involves the Ninth Circuit claim that it would take jurisdiction to prevent a "miscarriage of justice". However in this case, the Ninth Circuit took jurisdiction <u>to ensure that a miscarriage of justice would take place</u>. Therefore, none of these conditions applied here.

Therefore the Ninth Circuit had no jurisdiction to hear an issue that Schiff did not raise in the district court instead of the issues he did raise. Obviously the Ninth Circuit did not want to address an issue that would reveal that one of its lower court judges could not be relied on to tell the truth, even when the law specifically required it.

So the 9th Circuit unlawfully denied Schiff his right to have Judge Dawson's contempt orders reviewed by an appellate court. So despite the Ninth Circuit knowing that

-2-

Schiff did not commit the contempt claimed by Judge Dawson, it still sustained the 11 month sentence Schiff received for allegedly doing so. But this is how justice is dispensed in the Ninth Circuit.

In correctly reporting zero income, Schiff not only relied on the Merchant's Loan and Pollock decision, he also relied on all of the Supreme Court decisions quoted in his 25 page Memorandum. He also relied on the "Privacy Act Notice" contained in the "1040 Booklet", on the Congressional Reports already identified and on (no less) than §§61, 6001, & 6011. And obviously the panel was well aware of Schiff's repeated and unchallenged testimony at trial that he could find no law that made him "liable" for income taxes. Therefore, for this panel to claim, in view of all of the above, that Schiff knew that by claiming "zero income" he was breaking the law is such a blatantly false claim as to render the entire panel criminally culpable for even suggesting it, as Schiff already established but on different grounds.

## THE NINTH CIRCUIT'S ORDER OF NOVEMBER 7TH, 2013 IS VOID ON VARIOUS GROUNDS AS A MATTER OF LAW

The due process clause of the Constitution requires that all Appellate decisions have to eminate from impartial courts. A decision rendered by a court that is not impartial is automatically void as a matter of law. Based on all the above cited false and fraudulent claims made by this Court in denying Appellant's 2255, it is obvious that the panel was not impartial. It even failed to mention the Merchant's Loan and Trust or the Pollock decisions, which the panel knew that Appellant relied on in reporting his taxable income as zero. And of course the Ninth Circuit had an overriding need to sustain Appellant's conviction in order to cover up the fact that for over fifty years it sustained tax evasion convictions and sent people to prison for allegedly underreporting their income when such persons had no taxable income to report. Therefore, the Ninth Circuit had to sustain Schiff's conviction on any basis.

## A BLATENT EXAMPLE OF JUDICIAL MAFEASANCE

All during the trial, Judge Dawson kept interrupting Schiff's examination of witnesses by claiming that he was "testifying". (See TP's 4149-4156) Schiff initally had asked his standby counsel what Judge Dawson meant by that, but he merely shrugged his shoulders as if to say he didn't know.

After the trial, when Appellant had an opportunity to read the trial transcript, he realized what Judge Dawson meant. Appellant knew most of the witnesses, so he would naturally say, for example, "Didn't I ask you to..." instead of saying, "Didn't the Defendant ask you to." So for addressing himself in the first person instead of the

third, Judge Dawson used it as an excuse to continually interrupt Appellant's examination of witnesses (causing Appellant in some cases to terminate his examination altogether), while undermining his credibility with the jury. (Note B).

So at the hearing held on September 7, 2008, Appellant asked Judge Dawson why he did not tell Appellant what he meant by "testifying". As shown in hearing page 39 (Exhibit D), Judge Dawson told Appellant, "If I told you, you wouldn't have believed me." This would be true with regard to his making statements with regard to tax law, because: 1) Judge Dawson hasn't the faintest idea what's in our revenue laws, or 2) seeks to give that impression, and 3) in any case, he has no qualms about fabricating tax "laws" as needed by the prosecution (as proven by his many fraudulent jury instructions). But in this case, this had nothing to do with tax law, but why was he claimed that Appellant was "testifying". Had Judge Dawson told Schiff, Schiff would have immediately made the switch, but Judge Dawson deliberately withheld the information so he could continually interfere with Schiff's examination of witnesses. Insert 3B. Notice that as late as TP 4154 and 4155 (as practically at the end of the Government's case in chief) Judge Dawson was still accusing Schiff of "testifying" and Schiff was still bewildered since he said on TP 5154 "I am not... testifying. Since Schiff was a pro se litigant it was incumbent upon him to immediately tell Schiff why he claimed Schiff was testifying. Not to have done so constituted such a monumental breach of judicial ethics that it alone furnishes a basis for Schiff's conviction while also furnishing a basis for Judge Dawson's removal from the Federal bench, overlooking all of the other reasons for doing so.

## CONCLUSION

Based on all of the above, the Court's order of November 7 is required to be reversed as a matter of law.

The panel cannot claim in response that Schiff cannot raise issues that were not raised in his opening §2255 motion because. Appellant is not raising these issues, but has merely responded and clarified issues raised by the Court in its order of November 7th. In addition, since fraud vitiates all judgment (See _____ ), Appellant could not know the full extent of the fraud contained in the Court's denial of his §2255 until after it issued its ruling.

Dated 2-18-14

Constitutionally Submitted,

Irwin A. Schiff
#08537-014
P.O. Box 15330
Fort Worth, TX 76119

-4-

FOOTNOTE A: Since the government's summation witness testified that persons were required to turn over their books and records in response to an IRS subpoena, Schiff sought to impeach him with an excerpt from the IRS's own "Handbook For Special Agents" (See Exhibit A) which said that this was not the case. However Judge Dawson would not allow it to be admitted, and sanctioned Schiff for merely attempting to introduce it.

In pages 4141 through 4156, Schiff seeks to elicit testimony from the witness that the government could have proceeded against Schiff by sending him a deficiency notice which would allow him to litigate the alleged deficiency in tax court. However the prosecutor obviously believes that such testimony would benefit the defense, so he raises irrelevant and unwarranted objections, all of which Judge Dawson sustains. Then Judge Dawson sanctions Schiff twice for trying to extract such testimony.

FOOTNOTE B: In addition, Judge Dawson would not allow Appellant to testify in the narrative, nor by asking and answering his own questions, which are the usual ways pro se litigants testify. Instead he required that Schiff write out beforehand the questions he wanted the stand-by counsel to ask of him in order to extract both his direct and indirect testimony. Obviously, for a variety of reasons, this was an impossibility. This is how Judge Dawson arranged for Schiff's testimony to be substantially less effective than it otherwise would have been.

## CERTIFICATE OF SERVICE

I, Irwin Schiff, hereby certify that the foregoing Motion has been mailed via the Institutional mail system with first class postage affixed and is considered filed with the Clerk of the Court upon receipt.

All opposing counsel/ interested parties are members of this Court's e-file CM/ECF system and upon said filing, each will receive an electronic copy.

BY: _____
Irwin Schiff